IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-28-BMM |
| Plaintiff, | **REVISED FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| DEAN MADPLUME, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Madplume of violating his conditions of supervised release by (1) smoking spice, (2) failing to reside at the Great Falls Prerelease Center, and (3) submitting a urine sample that tested positive for methamphetamine. Mr. Madplume admitted to the allegations. His supervised release should be revoked. He should be sentenced to seven months in custody, with twenty-six months of supervised release to follow.

## II. Status

United States District Judge Brian Morris sentenced Mr. Madplume to twenty-five months in custody, with thirty-six months of supervised release to follow, on July 30, 29015, after a he pleaded guilty to Assault Resulting in Serious

1

Bodily Injury. (Doc. 22.)

Judge Morris revoked Mr. Madplume's supervised release on March 20, 2017, because he consumed alcohol and failed to report to the Great Falls Prerelease Center as directed. (Doc. 37.) Judge Morris sentenced him to time served, with supervised release to follow. (*Id*.)

**Petition**

The United States Probation Office filed a Petition for Warrant for Offender Under Supervision on April 10, 2017, alleging that Mr. Madplume violated the terms of his supervised release by (1) smoking spice, and (2) failing to reside at the Great Falls Prerelease Center. (Doc. 40.) Judge Morris issued a warrant for his arrest based on the allegations in the Petition. (Doc. 41.) The Probation Office filed an Amended Petition for Warrant for Offender Under Supervision on April 17, 2017, alleging that in addition to the two allegations in the previous petition Mr. Madplume also submitted a urine sample that tested positive for methamphetamine. (Doc. 43)

**Initial appearance**

Mr. Madplume appeared before the undersigned on April 18, 2017, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him. Assistant United States Attorney Brian Dake represented the United States.

Mr. Madplume said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned. The Court continued the revocation hearing for one week to provide Mr. Madplume time to prepare for his hearing.

**Revocation hearing**

The Court conducted the revocation hearing on April 25, 2017. Mr. Madplume admitted to the allegations. The violations are serious and warrant revocation of his supervised release.

Mr. Mad Plume's violation grade is Grade C, his criminal history category is II, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months and could be ordered to remain on supervised release for thirty-three months, less any custody time imposed. The United States Sentencing Guidelines call for four to ten months in custody.

Mr. Arvanetes recommended a sentence in the middle of the guideline range, with supervised release to follow. Mr. Dake recommended a sentence of seven months in custody with supervised release to follow. Mr. Madplume exercised his right of allocution and stated that he wants to by a house and turn his life around when he is released from custody.

## III. Analysis

Mr. Madplume's supervised release should be revoked because he admitted violating its conditions. He should be sentenced to seven months in custody, with twenty-six months supervised release to follow. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

## IV. Conclusion

Mr. Madplume was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

> The undersigned **FINDS:**
>
> > Dean Madplume violated the conditions of his supervised release by (1) smoking spice, (2) failing to reside at the Great Falls Prerelease Center, and (3) submitting a urine sample that tested positive for methaphetamine.
>
> The undersigned **RECOMMENDS:**
>
> > The District Court should enter the attached Judgment, revoking Mr. Madplume's supervised release and committing him to the custody of the United States Bureau of Prisons for seven months, with twenty-six

months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 1st day of June 2017.

/s/ John Johnston
United States Magistrate Judge