IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>DEAN MADPLUME,<br><br>  Defendant. | CR 15-28-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I.  Synopsis

Defendant Dean Madplume (Madplume) has been accused of violating the conditions of his supervised release.  Madplume admitted the alleged violations.  Madplume's supervised release should be revoked.  Madplume should be placed in custody for 6 months, with no supervised release to follow.  Madplume should serve is term of custody at the Bureau of Prisons' facility at SeaTac, Washington.

## II.  Status

Madplume pleaded guilty to Assault Resulting in Serious Bodily Injury on April 21, 2015.  (Doc. 19).  The Court sentenced Madplume to 25 months of custody, followed by 3 years of supervised release.  (Doc. 21).  Madplume's current term of supervised release began on December 1, 2018.  (Doc. 69 at 3).

**Petition**

The United States Probation Office filed a Petition on December 7, 2018, requesting that the Court revoke Madplume's supervised release. (Doc. 69). The Petition alleges that Madplume violated the conditions of his supervised release: 1) by failing to complete an inpatient drug treatment program; and 2) by using a drug that was not prescribed to him. (Doc. 58 at 2-3). United States District Judge Brian Morris issued a warrant for Madplume's arrest on December 7, 2018. (Doc. 70).

**Initial appearance**

Madplume appeared before the undersigned for his initial appearance on December 11, 2018. Madplume was represented by counsel. Madplume stated that he had read the petition and that he understood the allegations. Madplume waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on December 11, 2018. Madplume admitted that he had violated the conditions of his supervised release: 1) by failing to complete an inpatient drug treatment program; and 2) by using a drug that was not prescribed to him. The violations are serious and warrant

revocation of Madplume's supervised release.

Madplume's violation is a Grade C violation. Madplume's criminal history category is II. Madplume's underlying offense is a Class C felony. Madplume could be incarcerated for up to 24 months. Madplume could be ordered to remain on supervised release for up to 24 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

Madplume requested a term of custody at the low-end of guideline range. The government requested a term of custody at the high-end of the guideline range.

### III.  Analysis

Madplume's supervised release should be revoked. Madplume should be incarcerated for 6 months, with no supervised release to follow. Madplume should serve is term of custody at the Bureau of Prisons' facility at SeaTac, Washington. This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Madplume that the above sentence would be recommended to Judge Morris. The Court also informed Madplume of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Madplume that Judge Morris would consider a timely

objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

>That Dean Madplume has violated the conditions of his supervised release by failing to complete an inpatient drug treatment program, and by using a drug that was not prescribed to him.

The Court **RECOMMENDS:**

>That the District Court revoke Madplume's supervised release and commit Madplume to the custody of the United States Bureau of Prisons for a term of imprisonment of 6 months, with no supervised release to follow. Madplume should serve is term of custody at the Bureau of Prisons' facility at SeaTac, Washington.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the

right to appear and allocute before a district judge.

DATED this 12th day of December, 2018.

John Johnston
United States Magistrate Judge